**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KIM JOHNSON,
<u>Plaintiff-Appellant,</u>

v.

STATE OF MARYLAND; WILLIAM L.
SMITH, in his capacity as Warden;
Ronald Hutchinson, in his capacity
as Assistant Warden; HOLLIS
THOMPSON, in his capacity as EEOC

coordinator; TERENDA THOMAS, in
her capacity as Personnel Officer;
DONALD WILLIAMS, in his capacity as
Shift Commander; RICHARD LANHAM,
in his capacity as Commissioner of
Corrections; BISHOP L. ROBINSON, in
his capacity as Secretary of Public
Safety and Correctional Services,
<u>Defendants-Appellees.</u>

No. 96-2655

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Joseph H. Young, Senior District Judge.
(CA-95-2756-Y)

Submitted: May 1, 1997

Decided: May 12, 1997

Before WIDENER and MURNAGHAN, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Alan Edgar Harris, Baltimore, Maryland, for Appellant. J. Joseph Curran, Jr., Attorney General of Maryland, Michael O. Doyle, Assistant Attorney General, Division of Corrections, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kim Johnson appeals from the district court's order granting summary judgment to the Defendants in his action filed under the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. §§ 12101-12117 (West 1995 & Supp. 1997). We affirm.

Johnson was employed for fourteen years as a Correctional Officer with the Maryland Division of Corrections. Johnson suffers from Charcot-Marie-Tooth Disease, a neuromuscular disorder which, among other things, causes tremors in his hands. In 1995, Johnson was discharged from his position because he could not qualify as proficient with firearms, as required for his position. On appeal, Johnson contends that the district court erred in granting summary judgment in the Defendants' favor.

This court reviews de novo district court orders granting or denying summary judgment. Carbon Fuel Co. v. USX Corp. , 100 F.3d 1124, 1132 (4th Cir. 1996). District courts may enter summary judgment only when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Miller v. Leathers, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc). The facts and inferences to be drawn from the pleadings must be viewed in the light most favorable to the nonmoving party. Nguyen v. CNA Corp., 44 F.3d 234, 237 (4th Cir. 1995). Summary judgment is appropriate when the record taken

2

as a whole could not lead a rational trier of fact to find for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u> , 477 U.S. 242, 247-49 (1986).

To establish a prima facie claim under the ADA, a plaintiff must show (1) that he had a disability within the meaning of the ADA; (2) that he was otherwise qualified for his position; and (3) that the defendants discriminated against him because of his disability. <u>Martinson v. Kinney Shoe Corp.</u>, 104 F.3d 683, 686 (4th Cir. 1997); <u>Doe v. Univ. of Maryland Medical Sys. Corp.</u>, 50 F.3d 1261, 1264-65 (4th Cir. 1995). Although Johnson's illness qualifies as a disability under the ADA, he is not "otherwise qualified" for his position as a Corrections Officer because he cannot perform the essential functions of his job without accommodation. <u>See</u> 42 U.S.C.A. § 12111(8) (to be "otherwise qualified," plaintiff must be able to meet all of his job requirements with or without reasonable accommodation). The ADA requires that an employer make a reasonable accommodation to an otherwise qualified individual unless the employer can show, <u>inter alia</u>, that the accommodation would require elimination of an essential duty. <u>See Myers v. Hose</u>, 50 F.3d 278, 284 (4th Cir. 1995) ("the duty of reasonable accommodation does not encompass a responsibility to provide a disabled employee with alternative employment when the employee is unable to meet the demands of his present position.") (citing <u>Guillot v. Garrett</u>, 970 F.2d 1320, 1326 (4th Cir. 1992)). Johnson asserts that qualification with firearms is not a true job requirement because, in his fourteen years of service, he had never held a weapons card. However, the evidence before the district court established that qualification with firearms is an essential function of the Correctional Officer II position and that Johnson could not perform this essential function. <u>See Miller v. Illinois Dep't of Corrections</u>, 107 F.3d 483 (7th Cir. 1997) (upholding summary judgment in favor of defendants on legally blind correctional officer's ADA claim because she was unable to work all posts at correctional institution).

Accordingly, we affirm the order granting summary judgment to the Defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3